UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANTHONY STUBBS,                                                     No. 05-14442

                                   Debtor(s).
_____/

ANTHONY STUBBS,

                                   Plaintiff(s),

            v.                                              A.P. No. 06-1145

DEBORAH DOYLE.

                                   Defendant(s).
_____/

Memorandum After Trial
_____

      Debtor and plaintiff Anthony Stubbs filed his Chapter 7 petition on October15, 2005, duly scheduling defendant Deborah Doyle as a creditor. Stubbs was discharged on February 16, 2006.

      On June 22, 2006, Doyle sent Stubbs a "Notice of Default" alleging that Stubbs was in default in payments to her under a prepetition obligation and that as a result she was entitled to compel the sale of his mobile home owned by Stubbs and his domestic partner, Robert Ryalls, in order to enforce her claim. She thereafter sued Stubbs and Ryalls in state court, seeking to have the property sold in order to satisfy her

1

alleged lien. Stubbs then commenced this adversary proceeding seeking injunctive relief and damages for violation of his discharge.

The sole real issue is whether Doyle has a security interest in the mobile home. If she did, her state court lawsuit was perfectly proper. If she did not, then she violated § 524(a)(2) of the Bankruptcy Code by seeking to collect a prepetition personal obligation.

There is no security agreement between Stubbs and Doyle. There is a document entitled "Loan Agreement," which Doyle argues created a security interest in the mobile home notwithstanding no effort whatsoever to perfect a security interest.

Before bankruptcy, Ryalls had been a care-giver for Doyle's elderly parents. He needed a place to live in order to continue on in what appears from limited testimony to have been a difficult role. Doyle agreed to loan Stubbs and Ryalls $18,000.00 for the purpose of purchasing a mobile home at 119 Verde Circle, Rohnert Park, California. The Loan Agreement, drafted by Doyle, nowhere grants her a security interest in the mobile home. The word "secure" is used only once, in Paragraph 5: "This acknowledges that Lender is entering into this agreement largely to secure Borrower Robert Ryalls ongoing efforts on Lender's family's behalf."

Arguing correctly that no special words are necessary to create a security interest, Doyle points to paragraph 7 which provides, in pertinent part:

> Borrowers agree to repay Lender the entire principal of $18,000 on or before April 1st, 2005. If Borrower cannot refinance their current mortgage to cover this amount, or, if another source of funds is unavailable, Borrowers agree to sell their mobile home in order to repay Lender.[1]

In determining if a writing creates a security interest, the court must first determine objectively if the parties may have intended to create a security interest. If the writing barely meets this test and no more, the court may consider parol evidence as to the parties' actual intent. 4 White & Summers, Uniform Commercial Code (4th Ed.), § 31-3, pp.101-02.

---

[1] "Current mortgage" clearly does not refer to Doyle's alleged security interest, as paragraph 10 refers to a "first position mortgage holder."

2

The court finds that the Loan Agreement does not objectively indicate the intent to create a security interest. Specifying when a loan is to be repaid and promising to sell an asset if necessary is not the same thing as granting a security interest in the asset.

However, even if the Loan Agreement might objectively support a claim to a security interest it does so only just barely, making parol evidence admissible. Ryalls testified credibly that he never had such an intent and would never have given Doyle a security interest in his home. Doyle did not appear at trial, so this testimony is un-rebutted. The court accordingly finds that Doyle has no security interest in the mobile home.

While the court's conclusion also would justify damages for violation of the discharge injunction, no evidence of damages was introduced by Stubbs so the court will not award any. The court will enter a judgment declaring that Doyle has no right, title or interest in the mobile home and permanently enjoining her from prosecuting the state court lawsuit. Stubbs shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Stubbs shall submit an appropriate form of judgment forthwith.

Dated: April 23, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge